**UNITED STATES of America,**

v.

**Patrick BONAVENTURA, Defendant.**

**Crim.A. No. 02–40026–NMG.**

United States District Court,
D. Massachusetts.

Dec. 3, 2003.

Peter L. Ettenberg, Gould & Ettenberg, Worcester, MA, for defendant.

S. Theodore Merritt, U.S. Attorney's Office, Boston, MA, for plaintiff.

### MEMORANDUM & ORDER

GORTON, District Judge.

This action arises from a multi-count indictment brought against Patrick Bona-

ventura ("Bonaventura"), a probation officer in the Worcester Division of the District Court Department of the Trial Court of Massachusetts, arising from an alleged check fraud scheme. Pending before this Court is Bonaventura's motion to dismiss the indictment on the grounds of prosecutorial misconduct.

## I. *Background*

On September 24, 2002, a federal grand jury returned a fifteen count indictment against Bonaventura, consisting of one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, ten counts of aiding and abetting the making of counterfeit securities in violation of 18 U.S.C. § 513(a), one count of extortion under color of official right in violation of 18 U.S.C. § 1951(a) and two counts of witness tampering in violation of 18 U.S.C. § 1512(b)(1) and (3). Finally, the indictment contains forfeiture allegations pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).

In December, 2000, Scott Gibeault ("Gibeault"), of Worcester, Massachusetts, approached law enforcement officials and described to them an extensive criminal scheme involving the creation of fraudulent checks perpetrated by Gibeault, Bonaventura and Gibeault's partner, Eric Starr ("Starr"). On December 6, 2000, Gibeault was granted immunity from prosecution based on his potential testimony. During the following year and a half, the Federal Bureau of Investigation ("FBI") and United States Attorney's office conducted numerous interviews of Gibeault, Starr and other witnesses. The government eventually caused a grand jury investigation to be conducted into Bonaventura's alleged criminal involvement which resulted in the indictment at issue in this motion.

On August 15, 2003, Bonaventura filed a motion with the Court to dismiss the indictment. In the motion Bonaventura cites portions of Gibeault's statements to FBI that changed from one interview to another, as well as portions of FBI interviews with Starr and other witnesses that appear to contradict Gibeault's testimony. He also contends that the actual grand jury testimony provided by Gibeault and Starr was perjured and that it was unsubstantiated by any other evidence. Bonaventura claims that the government's decision to present that evidence to the grand jury constituted prosecutorial misconduct and that, consequently, the indictment must be dismissed.

On September 19, 2003, the government filed an opposition to Bonaventura's motion. The government responds that Bonaventura failed to establish any cognizable error that took place in front of the grand jury. It denies the allegation that Gibeault and Starr's testimony amounted to perjury, contending that any inconsistencies were in FBI interviews, not grand jury testimony, and involved peripheral matters without legal significance.

The government maintains that there was ample evidence supporting the indictment, including testimony of the ten witnesses who went before the grand jury on January 30, 2001 and September 17, 2002. They were cooperating witnesses Gibeault and Starr, two agents from the FBI and six lay witnesses. Furthermore, the government contends that Bonaventura has offered no evidence that the government knew of any alleged false statements or that, if there were any such statements, they influenced the grand jury's decision to indict. Finally, the government argues that the grounds asserted by the defendant are insufficient to warrant dismissal of an indictment and that the motion should therefore be denied.

## II. *Argument*

 An indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is sufficient to require a trial on the merits. *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). Under certain circumstances, however, it is appropriate to inquire into the proceeding surrounding a grand jury's decision to indict. *United States v. Maceo,* 873 F.2d 1, 3 (1st Cir. 1989). A court may dismiss an indictment if there has been prosecutorial misconduct which actually biases a jury in performing its fact-finding function. *Id.* When a nonconstitutional error occurs in a grand jury proceeding, the harmless error test set forth in Fed.R.Crim.P 52(a) determines whether dismissal of the indictment is the appropriate remedy. *Bank of Nova Scotia v. United States,* 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988).

In the instant case, the first question that must be addressed is whether there was, in fact, prosecutorial misconduct. If there was misconduct, then the Court must apply the harmless error standard, pursuant to Fed.R.Crim.P 56(a), and determine whether:

> the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision was free from the substantial influence of such violations.

*Bank of Nova Scotia,* 487 U.S. at 256, 108 S.Ct. 2369 (quoting *United States v. Mechanik,* 475 U.S. 66, 78, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)). The burden of proof under the harmless error standard is on the prosecution to show an absence of prejudice under this analysis. *United States v. Pimental,* 204 F.R.D. 223, 226 (D.Mass.2001); *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

### A. *Prosecutorial Misconduct*

Bonaventura alleges that the government committed prosecutorial misconduct by presenting the testimony of Gibeault and Starr to the grand jury. He argues that there were inconsistencies in the various statements Gibeault and Starr made to the FBI and that the government has been unable to corroborate those statements. He claims that the testimony of Gibeault and Starr before the grand jury was, therefore, perjurious, that the government's decision to offer that testimony was prosecutorial misconduct and that the indictment must be dismissed.

While it is clear that many statements Gibeault made to the FBI during unsworn interviews were inconsistent, those statements were not made to the grand jury or under oath. The only statements that matter were those made to the grand jury. Moreover, the defendant must show not only that the testimony was objectively false, but also that the prosecution intentionally submitted such false testimony to the grand jury. *United States v. Coleman,* 995 F.Supp. 212, 216 (D.Mass.1998).

 In the instant case, the defense has not established that the testimony introduced to the *grand jury* amounted to perjury. Misstatements or discrepancies in testimony do not justify dismissing an indictment that is facially valid. *United States v. Maceo,* 873 F.2d 1, 4 (1st Cir. 1989). The numerous inconsistencies found in the transcripts of the FBI interviews were not repeated in the grand jury testimony. The testimony of Gibeault and Starr was substantially consistent, and the inconsistencies that are present can be explained as mistaken or faulty memory, or as arising from the fact that Gibeault

has been granted immunity from prosecution while Starr has not.[1]

Furthermore, Bonaventura has introduced no evidence that the prosecution intentionally submitted any testimony knowing it to be false. The defendant claims that the government was unable to corroborate any of the testimony of Gibeault and Starr and that the indictment was based solely on their testimony. The claims are without merit. Eight other witnesses testified before the grand jury and the FBI, working in concert with Gibeault, monitored several conversations between Bonaventura and Gibeault, in which Bonaventura's own words collaborated much of their version of the facts. Finally, physical evidence, including a handwritten note by Bonaventura, was introduced to the grand jury to bolster the witnesses' testimony. Even if the government had offered no corroboration of the disputed testimony, its behavior would not constitute prosecutorial misconduct. The government does not have a duty to explain or justify every inconsistency to the grand jury. *United States v. Bucci,* 839 F.2d 825, 831 (1st Cir.1988). In sum, the defendant's arguments do not meet the heavy burden of proving prosecutorial misconduct which would justify dismissal of the indictment.

B. *Harmless Error Test*

Because the defendant has not shown that prosecutorial misconduct occurred, it is unnecessary to address the question of harmless error under Fed.R.Crim.P. 52(a).

## ORDER

For the reasons stated in the foregoing memorandum, Bonaventura's Motion to Dismiss the Indictment (Docket No. 27) is DENIED.

**So ordered.**

---

1. For example, Gibeault maintains that the fraud involved more than $1 million in goods, while Starr claims it was only about $172,000.